IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION
No. 2:04-CR-17-BO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| GLENN A. HARRIS | ) | |

This cause comes before the Court on defendant's *pro se* motion requesting early termination of his term of supervised release. [DE 94]. The government has responded in the matter is ripe for disposition. For the reasons that follow, defendant's motion is DENIED.

In July 2004, defendant pleaded guilty to a drug trafficking offense. [DE 12]. In August 2005, defendant was sentenced to 188 months' imprisonment and 5 years of supervised release. [DE 17]. Defendant was released from imprisonment in April 2016 and began serving his term of supervised release. In May 2018, the Court transferred jurisdiction of defendant's supervision to the Middle District of North Carolina. [DE 93]. In January 2019, defendant filed a motion for early termination of his supervised release. [DE 94]. The government opposes the request for early termination. [DE 96].

Defendant's motion must be denied for lack of jurisdiction. 18 U.S.C. § 3605 authorizes a federal court to "transfer jurisdiction over a probationer or person on supervised release to the district court for any other district to which the person is required to proceed as a condition of his probation or release, or is permitted to proceed, with the concurrence of such court." The statute further provides that the transferee court "is authorized to exercise all powers over the probationer or release that are permitted by" federal law. 18 U.S.C. § 3605; *see also United States v. Fernandez*, 379 F.3d 270, 275 (5th Cir. 2004) ("[S]ection 3605 expand[s] the power of the

transferee court over the supervised offender"). Jurisdiction over defendant has been transferred to the Middle District of North Carolina and, as such, this Court is without jurisdiction to grant defendant the relief that he seeks. Rather, jurisdiction to consider the early termination of defendant's supervised release rests with the Middle District. Because this Court lacks jurisdiction, there is no need to consider the merits of defendant's motion, and the motion [DE 94] is DENIED.

SO ORDERED, this 23 day of February, 2019.

*Terrence W. Boyle*
TERRENCE W. BOYLE
CHIEF UNITED STATES DISTRICT JUDGE